[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 7, 1991, the plaintiff obtained a judgment by default against the defendant, James R. DeVito. As indicated by the summons and complaint, he was "D/B/A DeVito Brothers Excavation". The amount of the judgment was $8370.94, plus costs of $165.20. The judgment remains unsatisfied.
In 1989, "DeVito Brothers Excavation" brought suit against various defendants in superior court at Litchfield, an action unrelated to this one. In February 1990, that suit was settled. The defendant in that suit paid the sum of $8,542.14 to Gordon, Muir Foley, attorneys for the plaintiff, who presently hold the money, essentially in trust. A release was furnished to the defendants in that suit by DeVito Brothers Excavation, Inc., which has been stipulated by the parties to be a corporation. That corporation is controlled by James R. DeVito as majority stockholders and president.
The plaintiff in the case at bar seeks to execute on its judgment against James R. DeVito by collecting the escrowed funds held by Gordon, Muir Foley. The plaintiff here argues that the money is owed to James R. DeVito individually, on the theory that he was the real plaintiff in the Litchfield suit. James R. DeVito, the defendant in this action, and the corporation, argue that the corporation was the real plaintiff in the Litchfield suit. Therefore, they claim, the escrowed funds are owed to the corporation, rather that to DeVito individually, and are thus not reachable by the plaintiff CT Page 3836 in this case.
The only basis on which the plaintiff in this case could prevail is that the plaintiff in the Litchfield case is not specifically identified as a corporation. There is a corporation bearing the name DeVito Brothers Excavation, Inc., however, and it was that corporation which controlled the Litchfield law suit, as evidenced by the release it furnished the defendants in that suit in exchange for payment of the money now in contention. There is no indication anywhere in the complaint in the Litchfield suit that the plaintiff is an individual. There is no mention of James R. DeVito. Indeed the name "DeVito Brothers Excavation" clearly implies that it is an entity other than an individual person. While it is true that the plaintiff in the case at bar sued and obtained a default judgment against DeVito individually "D/B/A DeVito Brothers Excavation", it cannot thereby alter the actual identity of the plaintiff in the Litchfield case. The court's conclusion in that regard is strengthened by the fact that the same attorney represents the plaintiff here as represented one of the defendants in the Litchfield case. That attorney knew, therefore, that the release in that action was furnished by the corporation, not the individual.
Based on the facts set forth above, the court concludes that the real plaintiff in the Litchfield case, and thus the real owner of the escrowed funds, was the corporation. It follows that those funds are not directly reachable to satisfy a judgment against the individual defendant in this case. The plaintiff's claim to the funds held in escrow by Gordon, Muir 
Foley is denied.
MALONEY, JUDGE